# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00245 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LASANDRA LAVERNE EDWARDS | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the Court is Defendant Lasandra Laverne Edwards' ("Edwards") Motion for Reduction in Custodial Sentence (Record Document 39). Edwards moves the Court to enter an order terminating her custodial sentence on March 1, 2018, on the grounds that she becomes home confinement eligible pursuant to 18 U.S.C. § 3624(c)(2). See id. Section 3624(c) reads in pertinent part:

> (c) Prerelease custody.--
>
> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

18 U.S.C. § 3624.

Courts have previously held that nothing in Section 3624(c) indicates any intention to encroach upon the Bureau of Prison's authority to decide where a prisoner may be confined during the pre-release period. See Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 469-470 (10th Cir. 1992), *certiorari denied*, 510 U.S. 830, 114 S.Ct. 98 (1993); see

also <u>U.S. v. Laughlin</u>, 933 F.2d 786, 789 (9th Cir.1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society."). Section 3624(c) is simply a legislative directive focusing on the development of conditions to facilitate an inmate's adjustment to free society and in no way undermines the Bureau of Prison's general placement authority. <u>See</u> <u>Prows</u>, 981 F.2d at 469-470. Edwards is not entitled to home confinement and this Court lacks the authority, or the desire, to interfere with the Bureau of Prison's authority to decide where Edwards may be confined during her pre-release period.

Accordingly,

**IT IS ORDERED** that Edwards's Motion for Reduction in Custodial Sentence (Record Document 39) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of February, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT